No. 17.—The Merchants' Bank of Macon, Edmund Molyneux; Edward E. Taylor and Caroline Rawls, administrator and administratrix of John Rawls, deceased, plaintiffs in error, vs. Jonathan Davis, defendant in error.

[1.] An execution owned by persons residing in one county is levied upon land in another, and a claim interposed. The Superior Court of the county where the land lies, has jurisdiction over the plaintiffs residing out of that county, in equity, in consequence of the pendency of the claim, in a proper case made.

[2.] A promise made by a plaintiff in execution, to a third person, that he would not levy his execution upon property bought by that third person from the defendant in execution, and upon which its lien attaches, is void for want of consideration.

[3.] A contract made by a plaintiff in execution with the defendant, who is insolvent, to release him from a part of the judgment, in consideration that he will appropriate the yearly proceeds of his personal labour in payment of the balance, is a valid contract.

[4.] A bill filed for relief and discovery, in aid of a suit at law, is demurrable, unless the complainant avers his inability to prove the facts upon which he relies at law without resort to the conscience of the defendant; or show some other ground of equitable interference with the common law jurisdiction.

In Equity. Bill and demurrer. In Baker Superior Court. June Term, 1847. Before Judge Warren.

The Merchants' Bank, of Macon, was prosecuting an execution issuing from Pulaski Superior Court, upon a judgment rendered, July Term, 1840, of that court, in favour of said Molyneux, of the county of Chatham, against George W. Collier and James M. Bracewell, as partners and principals, and Edward St. George, as security on appeal, and caused the same to be levied in the county of Baker, by the sheriff of that county, upon certain lands and slaves, as the property of said Collier; to which property Davis, the defendant in error, interposed a claim, which was pending in the Superior Court of Baker county, wherein the land levied on and claimed, lies.

The bill states the complainant's purchase of the property (levied on and claimed) from Collier, with other property, Collier's embarrassed circumstances at the time, and his agreement with him to take up all the *just debts* against him, which were to go as credits upon his note given for the property. That the aforesaid execution was amongst the outstanding claims then against Collier; that he was advised, and believed, that said John Rawls, then in life, was the sole owner and proprietor of said execution,

Merchants' Bank *vs.* Davis.

having obtained the same from Molyneux, with knowledge of the insolvency of said firm of Collier and Bracewell, and that with such knowledge he was induced to agree with Collier, that if he would apply his yearly labour to the payment of one-third part of said execution, he would release and discharge him from all further or other liability upon the same; which was accepted by Collier, who entered upon its performance, and paid, and caused to be paid, the said one-third part in conformity thereto.

That Rawls admitted to complainant, that Collier had fully complied with his part of said agreement, and promised complainant not to collect said *fi. fa.* out of said property; that St. George (who the bill alleges was a partner in the said firm of Collier and Bracewell, and as such liable in this case,) had placed in his, Rawls', hands, effects to satisfy one-third part of said claim, under a like agreement as the one he had made with Collier; and the remaining third part of said claim, the bill alleges, should have been paid by the defendant Bracewell, who, by the negligence of Rawls, was permitted to remove, with his property, out of the jurisdiction of the court, notwithstanding said Rawls had promised complainant to collect out of said Bracewell. That after this, Rawls died; and his administrator and administratrix aforesaid took upon themselves the burthen of the administration of his estate; the said Taylor residing in the county of Pulaski, and Caroline Rawls residing in the county of Bibb. The bill further alleges, that the complainant informed the administrator of the circumstances aforesaid, the agreement, and of Collier's discharge by Rawls under said agreement, yet the said administrator and administratrix, afterwards, in 1845, knowing also that said execution was a part of the assets of the estate of Rawls their said intestate, caused Molyneux fraudulently to tranfer said execution to the Merchants' Bank of Macon, located in the county of Bibb, and that Molyneux tranferred the same, well knowing the circumstances.

The bill alleges, that the property in said execution at the time of said transfer, was in the estate of Rawls.

The bill then states the levy, and claim, and pendency thereof, and concludes with a prayer for relief and injunction.

At the June Term, 1847, of the Court below, the defendants in the bill demurred thereto, on the following grounds:

1st. Because none of the defendants resided in the said county of Baker, except the sheriff who made the levy, and he was not a

proper party, and therefore the Court below had no jurisdiction in the cause.

2d. Because there was no equity in the bill—the alleged agreement was not evidenced by any writing, &c.

3d. Because the complainant had an adequate remedy at law ; that he did not pretend that the facts alleged rested in the knowledge alone of the defendants, or of any of them, or show that a discovery from them was necessary to his defence.

At the term aforesaid, the demurrer was argued before Judge Warren, who overruled the same and ordered that the defendants answer the bill.

. To which decision the defendants excepted.

BAILEY & MORGAN, for the plaintiffs in error, insisted that it was shown by the bill, that the Court in Baker had no jurisdiction of the defendants therein, none of whom resided there, but in other counties in this State, except the sheriff, who was only a nominal party, and improperly joined. *Story Eq. Pl. secs.* 231, 198 ; *ib., pp.* 380, 382, 202, 203 *and* 204; 6 *Cranch,* 148.

That there was no consideration shown for the contract charged between Collier and Rawls ; it was a *nudum pactum.* Collier only promised to do what the record bound him to do. *Story Eq. Pl. sec.* 503 ; *Fonb. Eq.* 253, 254 : 2 *Paige Ch. R.* 177.

That the complainant nowhere charged that he had not a full, complete and adequate remedy at law. The formal allegation that " *he is remediless, &c.*" is not enough ; this is in every bill. Before the Court will exert its extraordinary powers by injunction to restrain a common law proceeding, it must appear on the bill why these powers are required. 3 *Dan. Eq. Prac.* 1820 ; *Eden on Injunc.* 108, 112 ; 16 *Ves. Jr.* 223.

If the bill were merely a bill of discovery, then it must allege what facts pertinent to complainant's redress at law he desires discovered; and that he has no other means of proof than by a resort to the conscience of the defendant. Nothing of this is shown in this bill ; and besides, this is a bill for relief. *Story Eq. Pl. sec.* 312, 317, 318.

STROZER, for the defendants in error.

This is a bill, not of discovery only, but of discovery and relief. *Mitford Eq. Pl.* 118. The relief contemplated by this bill is

Merchants' Bank *vs.* Davis.

the perpetual injunction of the *fi. fa.*, as against Collier.   It is not an original bill, but is ancillary to a proceeding at law in the court in which the bill is pending.   *Mitford Eq. Pl.* 118.

The subject matter of the bill affects the title to lands, and by the Constitution must be tried in the county where the land lies. *Prince,* 909.

As regards the alleged want of consideration to support the agreement between Rawls and Collier, *see Chitty on Contracts,* 44; *Fonb. Eq.* 256, *note;* 3 *Des.* 341; 13 *Ves. Jr.* 147; 5 *Cranch,* 142, 150; 2 *Peters,* 170.

*By the Court.*—NISBET, J., delivering the opinion.

As to the jurisdiction in this case, we think the pendency of [1.] the claim for the land in Baker county, and this bill purporting to be ancillary to it, gives the jurisdiction to the Superior Court in that county.   The execution issued from Pulaski and is returnable there, but is levied on land in Baker.   By the Constitution, all trials involving title to lands are to be had in the county where the land lies.   A claim to the lands is put in, in Baker, by the complainant, and he files this bill, among other objects, to aid him in the prosecution of that claim.   Whether the aid is properly invoked we shall inquire hereafter.   The jurisdiction attaches upon the suit pending, by way of claim, in the county of Baker.

The agreement charged in the bill to have been made [2.] between Davis, and Rawls the then owner of the execution, to wit, that he Rawls would not collect it out of the property which complainant had bought of Collier, is wholly without consideration and void.   It is a naked promise—no sort of consideration is pretended to have moved it.   Rawls, holding a judgment against Collier, Bracewell and St. George, whose lien attaches upon certain property which Davis had bought of Collier, promises Davis not to levy upon that property, but to collect the judgment out of the other defendants.   There is no benefit to Rawls, and no detriment to Davis, upon which this agreement could rest as a consideration.   The pact is perfectly nude, and we cannot enforce it.

The main reliance to sustain this bill seems to be, the in- [3.] terest which the complainant has in an agreement entered into between Rawls, the owner of the execution, and Collier, one of the defendants in execution.   The bill charges, that Davis, the complainant, bought a body of land and parcel of negroes from Col-

lier, and, in payment, agreed to take up all just debts outstanding against Collier; that Collier was insolvent, and in consideration that he, Collier, would apply the yearly proceeds of his personal labour to the payment of one-third of the judgment which Rawls held against him, Bracewell and St. George, Rawls agreed with Collier to release him from all liability for the balance of the judgment. That the existence of this judgment, and the understanding with Rawls in relation to it, was made known to Davis at the time that he bought the property of Collier; that Rawls subsequently acknowledged this contract with Collier to Davis; that Davis paid up the balance of the one-third of the judgment remaining due—some two thousand dollars; and further, that Rawls had received of St. George, effects enough to pay one-third more of the judgment; and that there was property enough in the county of Pulaski, belonging to Bracewell, to satisfy the entire balance, which he, Davis, pointed out; that Rawls would not levy *upon it*, but permitted Bracewell to eloign it. Afterwards, the execution being fraudulently transferred to the Merchants' Bank of Macon with a view to evade the contract with Collier, it was levied upon Davis' property, in the county of Baker. Davis having put in his claim to the land levied on, and the same being depending on the appeal, he files this bill, and prays that the answers of the defendants may be read on the trial of this claim, and that the plaintiffs in the execution may be decreed to be enjoined from pursuing their recovery on the execution. Thus the bill seems to be both for relief and discovery. The contract between Rawls and Collier is claimed to be also void, for want of consideration. We think the undertaking of an insolvent man, to apply the yearly proceeds of his personal labour in payment of part of a debt, a good consideration to support a contract to release him for the balance; it is as though he had given his indentures; it is certainly a pledge of that which the plaintiff, Rawls, could not have reached, and is a benefit therefore to him. Without this pledge, Collier being insolvent, Rawls could have gotten nothing out of him. If this contract be, as we think it is, valid as between Rawls and Collier, and as between the Merchants' Bank and Collier (that institution, as the bill charges, having notice of it) if it is fulfilled on the part of Collier, (and the bill charges that it was by a payment of one-third,) then the effect is an extinguishment as to Collier of the whole judgment. Was Davis then entitled to have his property protected from that judgment? Was it not paid

and extinct? was not the lien upon his land extinguished? We think it was.

The next question however is, could he not have proven all [4.] this at law? Was his remedy an adequate one at law? The rule is familiar to all, that where a party has a complete remedy at law, he can not invoke the jurisdiction of chancery, or rather chancery has no jurisdiction. A party is entitled to go into equity for discovery, to sift the conscience of his adversary to aid his cause at law; but to do so, he must aver inability to prove the facts upon which he relies at law, without a resort to the conscience of his antagonist; or he must show some other ground for equitable interference with the common law jurisdiction. Neither of these has this complainant done. All that looks like it is, the prayer that the answers of the defendants may be read upon the trial of the claim. This is not enough. From all we can see, this complainant has an ample remedy at law, and his bill was demurrable for want of equity.

Let the judgment of the Court below be reversed.