SMITH, executor, *et al. v.* ALDRIDGE *et al.*

No. 13764.   JUNE 14, 1941.

*Price Edwards,* for plaintiffs in error.

*J. B. Edwards, D. B. Howe,* and *Olin T. Flournoy,* contra.

BELL, Justice. (After stating the foregoing facts.)

■ The allegations of the petition were sufficient to show that, as between the parties, Aldridge and his daughter were the equitable owners of the property subject to a debt owed by Aldridge to the estate of the testatrix represented by the defendant executor. The plaintiffs went into possession of the property under bond for title from another, with most of the purchase-money paid, and had been in possession for a number of years before the testatrix ever had anything to do with it. In 1929 she came to live with the plaintiffs, and loaned to the plaintiff Aldridge a sum of money with which to pay the balance of the purchase-price. It does not appear how the plaintiffs happened to lose or give up possession, but the allegations do not show that they ever sold or conveyed their interest; and from the petition as a whole the only inference to be drawn is that the testatrix, Mrs. Brown, a sister and aunt of the plaintiffs, came to the place only at their invitation and later held the property under them, but with no other interest than as creditor. In this connection we do not consider the claim of Mr. and Mrs. Davis, since their claim did not appear except by the answer of the executor, and by the answer or intervention filed by them after they were made parties on suggestion of the executor. The petition as amended, having presented a case substantially as stated above, and having prayed to recover the land subject to payment of such balance of the debt as might be found to be due after an accounting for rents and profits, was not subject to general demurrer as failing to show such title or interest as would authorize a recovery. It appears from the petition that the testatrix had nothing more than a security deed, if that; and the most that could

be said in her favor is that she was in possession as grantee in a security deed, and held the land subject to redemption by the debtor. *Polhill* v. *Brown,* 84 *Ga.* 338 (10) (10 S. E. 921) ; *Marshall* v. *Pierce,* 136 *Ga.* 543 (71 S. E. 893).

The petition did not show upon its face that it was barred by laches. Therefore it was not subject to demurrer on that ground, even assuming that the question of laches could be raised by general demurrer. *Lee* v. *Holman,* 184 *Ga.* 694 (4) (193 S. E. 68) ; *Bleckley* v. *Bleckley,* 189 *Ga.* 47 (12) (5 S. E. 2d, 206.) With respect to limitation by statute, clearly no four-year statute was applicable (Code, §§ 3-711, 3-706, 3-1002, 3-1003), and the demurrer does not refer to any statute providing a different period. "Where on their face the pleadings show that a suit is barred by the statute of limitations, the defendant can take advantage of the statute by demurrer. But a demurrer in order to raise the defense of the statute of limitations, must expressly set out a reliance on the statute." *Smith* v. *Central of Georgia Railway Co.,* 146 *Ga.* 59 (90 S. E. 474). Assuming that the demurrer sufficiently invoked some four-year statute, yet since no statute fixing a four-year period is applicable, and no statute fixing a different period was referred to in any manner, the court did not err in overruling the demurrer.

■ The testimony of Aldridge, though contradicted by that of other witnesses, was, if believed by the jury, sufficient to support the material allegations of fact contained in the petition. He further testified that he and his daughter, who was joined as a plaintiff with him, lived on the land in question continuously from 1920 until 1932; that the sister, Mrs. Brown, came to live with them at their invitation, and about the same time he borrowed $600 as alleged in the petition, and used the money for the purpose therein stated; that Mrs. Brown had no other claim or interest in the land, except that he intended for her to have security; that his daughter married in 1932 and moved elsewhere, and that being unable himself to care for his sister, in that she needed a woman to nurse and look after her, he arranged for Mr. and Mrs. Howard to move into the house before he left. Continuing, he testified, that he arranged with Mr. and Mrs. Davis to take the place of the Howards in 1933, Mrs. Davis being a daughter of the witness by his first wife and a niece of Mrs. Brown; that they entered upon the

premises as tenants under him, their services to Mrs. Brown to be in satisfaction of rent; that he paid the taxes on the premises until 1934, but he then told them that he "thought they ought to pay the tax on it, they were getting all the rents; that is the reason they paid the taxes" afterwards. He further testified that Mr. and Mrs. Davis at the time of entering upon the land knew of the existence of his bond for title and his interest in the property; and this was virtually admitted by Mrs. Davis, though denied by her husband. The witness did not learn that the Davises were asserting any claim to the property until after the death of Mrs. Brown, which according to the evidence occurred some time during the year 1936.

Mr. and Mrs. Davis testified in support of the allegations of their answer and intervention, except that no will was introduced, and there was no clear evidence of any devise of the land to them by Mrs. Brown. It is contended in the brief filed by their attorney that their rights were ignored by the jury, and that the verdict is a great injustice to them. However this may be, it was the exclusive province of the jury to determine the credibility of the witnesses, and they saw fit to believe Aldridge. If, as this witness testified, Davis and his wife entered into possession as his tenants, they could not assert title against him without restoring possession. Code, § 61-107. Still another view is that whether they entered as tenants or not, if they knew of the rights of Aldridge in the property at the time of their entry, as he testified, then any transaction they might have had with Mrs. Brown would have been subject to the claim of Aldridge, the evidence further authorizing the inference that Mrs. Brown herself entered under Aldridge and his daughter, and had no claim other than that of a creditor.

It is insisted for the plaintiffs in error that the verdict should be set aside, under the rule that where several plaintiffs jointly sue to recover land, alleging joint title, there could be no recovery unless they proved a joint title. *Shaddix* v. *Watson,* 130 *Ga.* 764 (61 S. E. 628). This contention is based upon the fact that the bond for title was made to Aldridge only, and no right to recover was shown in his daughter. There is no merit in this contention. In the first place, the petition did not allege joint title, but showed on its face that the bond for title was made only to Aldridge, and that he joined his daughter as a party plaintiff only because of her

equitable interest therein. In the second place, the rule to which counsel refers is a common-law rule, and has no application in a case like the present, the suit being one in equity.

The verdict in favor of the plaintiffs, being supported by the evidence, can not be disturbed by this court under the general grounds of the motion for new trial.

In the brief for the plaintiffs in error only slight reference is made to the special grounds of the motion, in which complaint was made of several excerpts from the charge of the court. It is not complained that any portion of the charge contained an erroneous statement of law, the contention being simply that the several excerpts were inapplicable or unwarranted by the evidence. We think it is true that each charge was supported by the evidence, unless it be one relating to the assertion of prescriptive title by the plaintiffs; but even if this particular charge may have been inapplicable or unwarranted, it was clearly harmless under the facts appearing. The judge did not err in overruling the motion for new trial on all grounds.

*Judgment affirmed. All the Justices concur.*