HUGHES *v.* PURCELL. .WILLS *v.* PURCELL.

JENKINS, Presiding Justice. 1. "A demurrer to an original petition does not, without more, cover the petition after it has been amended in material respects; but in such case the demurrer should be renewed if it is still relied on." *Livingston* v. *Barnett*, 193 *Ga.* 640 (19 S. E. 2d, 385). Accordingly, when a demurrer to a petition has been overruled in part and sustained in part with leave to amend, and within the allotted time a material amendment is filed and no demurrer is filed to the amendment, nor is the original demurrer renewed to the petition as amended, but thereafter exceptions pendente lite are filed excepting to the ruling upon the demurrer, such exceptions to the order overruling the demurrer to the petition present only a moot question and will not be decided.

2. "Where a question comes collaterally before a court, and a judgment is rendered in the case, and it does not appear except by inference from the judgment and the pleadings that the question collaterally made was actually passed upon, the judgment will not be conclusive on the trial of another case between the same parties involving the same question." *Bonds* v. *Brown*, 133 *Ga.* 451 (66 S. E. 156).

3. In the instant action for specific performance, seeking to require the execution of a deed by. the defendant to a one-half interest in certain land in accordance with the defendant's agreement so to do upon the performance of certain obligations assumed by the plaintiff, which it is alleged have been fully performed, the plea, which the defendant styles as res adjudicata, failed to set up a good defense in bar; nor would it be good if under the facts set forth it should be treated as a plea of estoppel by judgment. The direct issue in the former dispossessory proceeding, against the present plaintiff for nonpayment of rent, which is now pleaded in bar to the present action, was tenancy or no tenancy. *Hayes* v. *Hayes*, 137 *Ga.* 362 (3), 365 (73 S. E. 659); *Patrick* v. *Cobb*, 122 *Ga.* 80 (49 S. E. 806). Not only was the question of title not necessarily adjudicated in that proceeding (Code, §§ 110-503, 110-504; *Sumner* v. *Sumner*, 186 *Ga.* 390 (2), 197 S. E. 833), but under the pleadings in that case such question could not have been' properly determined. This is true for the reason that, since the relationship of landlord and tenant was not denied, the defendant in that proceeding could not have been heard to dispute his landlord's title (Code, § 61-107), and could not have been heard to assert title in himself without first . surrendering possession to his landlord. *Smith* v. *Aldridge*, 192 *Ga.* 376, 381 (15 S. E. 2d, 430). The rule just stated is applicable, even though, as here, at the time the rent contract was made, the tenant was already in possession of the premises and claimed title thereto. *Willis* v. *Harrell*, 118 *Ga.* 906 (10) (45 S. E. 794); *Bullard* v. *Hudson*, 125 *Ga.* 393 (54 S. E. 132). There was nothing in the counter-affidavit to suggest in anywise a change from the undisputed relationship of landlord and tenant. If such had been the case, a different question might have been presented. The counter-affidavit, while not denying the tenancy, nor that the defendant was in default for nonpayment of rent, sought only to set up a ground of defense which was not germane to the statutory

ground under which he was sought to be ousted. The only defense contained in the counter-affidavit was thus wholly irrelevant to the issue made by the plaintiff's affidavit. The plaintiff did not contend that the defendant was holding over beyond his term; and the defendant by his counter-affidavit, without denying tenancy, merely set up that he could not be dispossessed as a tenant *holding over beyond his term*, for the reason that he was the equal owner of a half interest in the land. But one may, if he chooses, rent land to which he claims title; and the counter-affidavit, not being in response to the ground for dispossession sworn to by the plaintiff, set forth nothing which could have prevented the plaintiff from prevailing. *Mothershead* v. *DeGive*, 82 *Ga.* 193 (8 S. E. 62); *Hindman* v. *Raper*, 143 *Ga.* 643 (2) (85 S. E. 843). Consequently, it does not appear from the pleading in the former case that anything was adjudicated except the undisputed allegations in the plaintiff's affidavit. Nor is it now made to appear that the question was actually tried and determined, but, on the contrary, the present plaintiff now shows without dispute that he did not in fact appear at the hearing of the former case, and that he offered no evidence on that trial.

(*a*) In view of the foregoing, it is here unnecessary to determine, just as it was in the case of *Bonds* v. *Brown*, supra, whether or not, if the question of tenancy had been raised by the counter-affidavit in the former case, and the question of title had been properly invoked and actually tried as a collateral issue, a finding thereon would operate as an estoppel in a subsequent proceeding between the same parties. See, in this connection, *Garrick* v. *Tidwell*, 151 *Ga.* 294 (106 S. E. 551); *Evans* v. *Birge*, 11 *Ga.* 265, 272, and cases cited. Nor is any adjudication made as to whether or not, in any event, the fact that the former case was tried in a municipal court would affect the rule.

4. The excerpt from the charge complained of, which is set forth in the statement of facts, together with the exceptions thereto, does not show reversible error for any of the reasons assigned. Especially is this true when the charge excepted to is considered in connection with its context, which is also set forth in the statement of facts.

5. The evidence, though conflicting, authorized the verdict, and there was no error in overruling the motion for new trial in case number 15034.

6. The foregoing rulings dispose of all the exceptions made in case number 15034 by the defendant Wills, and also all the exceptions made in case number 15027 by the defendant Hughes, who became the purchaser of the property from the defendant Wills with alleged actual notice at the time of his purchase, save the exception dealing with the admissibility of evidence. Testimony of the plaintiff with reference to a conversation with Hughes before his purchase, tending to show notice of the plaintiff's equity, had been admitted without objection. O. W. Wood, a witness for the plaintiff, who had purchased the property in litigation from Hughes subsequently to the filing of the instant suit, was asked on direct examination: "At the time you negotiated the sale with Hughes . . . what did Hughes or Wills say to you when you mentioned Purcell's interest in the property?" The question apparently sought an admission by Hughes of notice, at the time of his purchase,

of the plaintiff's claim; and if such an admission had been testified to, it would have been admissible whenever it was made. The witness then recounted the negotiations that he had with both Hughes and Wills leading up to his purchase. While the testimony in answer to this question does not appear to have indicated knowledge on the part of Hughes, at or before the time of his purchase, of any claim or equity of the plaintiff in the property, the only ground of objection which was made to the question, and the only ground stated in the motion subsequently made to rule out the testimony thus elicited, was that the conversation related to "something that took place after the suit was filed; ' and, since the time when the conversations took place is wholly immaterial, there was no error in overruling the objection and motion to exclude for the reason assigned. Consequently, the motion for new trial in case number 15027, made by the defendant Hughes, also must be denied.

*Judgment affirmed on both bills of exceptions. All the Justices concur.*

Nos. 15027, 15034. November 21, 1944. Rehearing denied December 4, 1944.

*Carl B. Copeland* and *Elijah A. Brown,* for Hughes.
*II. A. Allen, Gertrude Harris,* and *W. E. Spence,* for Wills.
*J. V. Poole, H. E. Edwards,* and *G. B. Walker,* for Purcell.