## CONSOLIDATED REALTY INVESTMENTS INC. v. GASQUE et al.; GASQUE v. CONSOLIDATED REALTY INVESTMENTS INC. et al.

791

Nos. 16205, 16224.  May 13, 1948.  Rehearing denied June 18, 1948.

794

*Fine & Efurd,* for Consolidated Realty Investments Inc.

*Durwood T. Pye, Robert H. Jones,* and *Alex M. Hitz,* for Gasque *et al.*

DUCKWORTH, Presiding Justice. (After stating the foregoing facts.) ■ The plaintiff in error invokes the rule that, where more than one are sued jointly and by nonsuit or other judgment of the court one of the defendants is eliminated and the plaintiff proceeds against the remaining defendants, it amounts to an acquiescence upon the part of the plaintiff in the judgment of the court eliminating such defendant, and the plaintiff can not thereafter except to such judgment and obtain a review. See *Vandiver* v. *Ga. Ry. & Power Co.,* 38 *Ga. App.* 59 (143 S. E. 455); *Hodges* v. *Seaboard Loan &c. Assn.,* 188 *Ga.* 410 (3 S. E. 2d, 677). We recognize the rule and understand that it is based upon the fact that, when one defendant is thus eliminated, the joint action terminates, and that by proceeding with the action against the other defendants the plaintiff abandons the action as first

brought. A compelling reason why we must refuse to apply this rule in the instant case is that the facts essential to its enforcement are lacking. An amended ground of the motion for new trial, certified by the trial court as true, shows that the elimination of this defendant by a directed verdict and the declaration of a mistrial as to the remaining defendants were simultaneous, and it does not appear that any action by the plaintiff against the remaining defendants has since been taken. Therefore, the plaintiff has a right which she has not forfeited, by acquiescence or otherwise, to except to the action of the court in eliminating this defendant by a directed verdict.

■ But this record confronts us with another question that is tremendously important and is exceedingly difficult. It concerns the law found in the Code, § 61-107, which is as follows: "The tenant may not dispute his landlord's title nor attorn to another claimant while in possession." In order to get directly to a consideration of this main question, it is necessary to eliminate certain collateral questions raised by the defendant in error. Based upon excerpts from the opinions in *Gleaton* v. *Gleaton,* 37 *Ga.* 650; *Beall* v. *Davenport,* 48 *Ga.* 165 (15 Am. R. 656); *Tufts* v. *DuBignon,* 61 *Ga.* 322, and *Vada Naval Stores Co.* v. *Sapp,* 148 *Ga.* 677 (98 S. E. 79), it is contended that the above named Code section applies only where the action is one involving the right of possession and not one involving title. None of those cases held that the rule was inapplicable where the issue was one involving title and not merely the right of possession. We are not authorized to restrict by construction the plain provisions of this Code section in order to render it inapplicable in any case where the tenant in possession attempts to dispute the title of his landlord. It simply means that the tenant is not allowed to challenge the title of his landlord so long as he remains in possession. *Barnett* v. *Lewis,* 194 *Ga.* 203 (20 S. E. 2d, 912), and cases cited. See also *Hughes* v. *Purcell,* 198 *Ga.* 666 (3) (32 S. E. 2d, 392). The evidence in the instant case respecting the relationship of the plaintiff and the defendant corporation is sufficient to show that it is one of landlord and tenant, and that the plaintiff as tenant was in possession when the suit was filed. The rule would, therefore, apply to the case as made by the evidence, provided

that the lack of pleading raising this issue does not forbid its application. In *Auld* v. *Schmelz*, 201 *Ga.* 42 (39 S. E. 2d, 39), this court restated the general rule that estoppel must be pleaded, but it was there pointed out that there were exceptions to this general rule, and a number of such exceptions were there stated. Therefore, our inquiry in the present case, where estoppel was admittedly not pleaded, must be directed to the ascertainment of whether or not this case is subject to the general rule relating to pleading estoppel. In the first place, solid reasons exist for holding that this positive language of the law absolutely disqualifies a tenant from disputing his landlord's title (see, in this connection, *Peacon* v. *Peacon*, 197 *Ga.* 748, 753, 30 S. E. 2d, 640) ; and that in any case, where it appears by pleading or evidence that the tenant is attempting to do so, his landlord is entitled to have the court apply the law and protect his rights as there declared. Indeed, there are a number of decisions of this court where this law has been applied although there was no plea of estoppel. See *Grizzard* v. *Roberts*, 110 *Ga.* 41 (35 S. E. 291) ; *Bullard* v. *Hudson*, 125 *Ga.* 393 (54 S. E. 132) ; *Bryant* v. *Towns*, 177 *Ga.* 571 (170 S. E. 669). We have not found any decision where this court has held that this rule of law could not be applied because of the absence of a plea of estoppel. In *Dixon* v. *Patterson*, 135 *Ga.* 183 (69 S. E. 21), it was held that, although the petition for partition and accounting did not show grounds for applying this rule, and although the defendant filed no plea of abatement on the ground that this rule was applicable, yet in the general answer there were allegations as to some of the parties sustaining the relationship of landlord and tenant, and as to such parties there was an estoppel, and this was sufficient to authorize the application of the law as contained in the Code, § 61-107.

While the foregoing discussion and cited decisions would seem to make it clear that the rule should apply in the present case, there are other decisions that appear to hold otherwise, thus making it necessary that we examine them. In *Minnesota Lumber Co.* v. *Hobbs*, 122 *Ga.* 20 (49 S. E. 783), there was no plea of a former recovery, but it was admitted in open court that there had been a former recovery. It was held that, because of the absence of pleadings, the court did not err in overruling a motion to

dismiss, based upon the evidence consisting of the admission. There is a discussion in the opinion to the effect that the evidence was irrelevant to any issue made by the pleadings, and hence was without probative value. Obviously the court did not err in denying the motion to dismiss, because the facts did not constitute grounds for dismissal. However, the assertions in the opinion that the evidence was irrelevant, and hence without probative value, did not take into account many previous decisions of this court. In *Bryan* v. *Gurr*, 27 *Ga.* 378, which was an action for slander, where the plea of justification was not good as such and the evidence, admissible only for the purpose of showing justification, was admitted without objection, it was held that it was error for the judge to charge the jury that the plea of justification was so defective as to render it unavailable to the defendant. In *Artope* v. *Goodall*, 53 *Ga.* 318, it was held that, where evidence goes to the jury without objection, and it shows a right in the party offering it, the jury may consider it although there were no allegations in the pleadings setting up the facts thus proved. To the same effect, see *Haiman* v. *Moses*, 39 *Ga.* 708; *Field* v. *Martin*, 49 *Ga.* 268; *Howard* v. *Barrett*, 52 *Ga.* 15; *Savannah, Fla. & W. Ry.* v. *Barber*, 71 *Ga.* 644; *Central Railroad & Bkg. Co.* v. *Cooper*, 95 *Ga.* 406 (22 S. E. 549) ; *Burdette* v. *Crawford*, 125 *Ga.* 577 (54 S. E. 677). The defendant is authorized to amend at any time and set forth entirely new defenses, provided only that he makes an affidavit as required by the Code, § 81-1310. *Ober & Sons Co.* v. *Drane*, 106 *Ga.* 406 (32 S. E. 371) ; *United States Fidelity &c. Co.* v. *Clarke*, 187 *Ga.* 774 (2 S. E. 2d, 608). Or the defendant may be allowed by the court, in the exercise of a sound discretion, to thus amend without making the affidavit there required. *Wynn* v. *Wynn*, 109 *Ga.* 255 (34 S. E. 341) ; *Marsh* v. *Hix*, 110 *Ga.* 888 (36 S. E. 230) ; *Terrell County* v. *Dawson*, 172 *Ga.* 403 (158 S. E. 47).

In *Hightower* v. *Blakely Lumber Co.*, 163 *Ga.* 776 (137 S E. 22), where the relationship of landlord and tenant was not involved, and the rule of law embodied in the Code, § 61-107, was inapplicable to the evidence, which tended to show an equitable estoppel, it was held that, since there was no plea of estoppel, the trial judge was not authorized to direct a verdict in favor of

the defendant on the ground of estoppel, even though the evidence was sufficiently conclusive to show estoppel. In *Prisant* v. *Feingold*, 169 *Ga.* 864 (151 S. E. 799), and *Calbeck* v. *Herrington*, 169 *Ga.* 869 (152 S. E. 53), it was held that the defendant was not entitled to the benefit of a previous adjudication of the subject-matter in his favor, since these facts did not appear on the face of the petition and there was no plea or answer showing such facts, although it was shown by the evidence admitted without objection, or even upon the admission of the plaintiff, as to such former adjudication. There again this court did not have a case involving the relationship of landlord and tenant, and hence, irrespective of the pleadings, the Code, § 61-107, had no application. The soundness of those decisions may well be questioned in cases where the rule is applicable, in view of the older decisions above cited. Compare *Fletcher* v. *Reaves*, 28 *Ga. App.* 205 (110 S. E. 510), and *State Mutual Insurance Co.* v. *Harmon*, 72 *Ga. App.* 117 (33 S. E. 2d, 105). The present case is a proceeding in equity. Code, § 61-107, defines and fixes as a matter of law the rights of landlord and tenant. Equity is not antagonistic to the law, but follows the law. Code, § 37-103. Hence, knowing this law, equity will follow it and protect the rights there fixed. Although the plaintiff testified that she was in possession of the premises here involved when the defendant corporation claimed title by purchase, when she began paying rent thereafter to this defendant she obtained possession from it in virtue of her recognition of it as the owner just as fully as if she had not been in possession prior thereto and entered only as a result of her recognition of its ownership. Her refusal thus to recognize the defendant's ownership would have deprived her of the possession that she acquired by such recognition. She could not in equity hold on to this benefit while attacking the very title in virtue of her recognition of which she held possession. One seeking equitable relief must himself do equity. Code, § 37-103.

We are satisfied that the evidence required application of the Code, § 61-107, although there was no plea of estoppel, and, accordingly, a verdict in favor of the defendant corporation was demanded; and for this reason it follows that the court erred in granting a new trial.

Our ruling is limited to the facts of the case as they existed at the time of the trial, and does not bar a future action by the plaintiff against this defendant, seeking a cancellation of its deed after the plaintiff has surrendered possession of the premises to it.

■ The items of the will set out ·in the foregoing statement of facts, properly construed, authorized the executrix to sell at private sale in her discretion. Accordingly, the court properly sustained the special ground of demurrer attacking the allegations of the petition that the will made no provision for private sale, and for that reason the sale to the defendant corporation was invalid. The court also properly sustained the special ground of demurrer attacking the allegations of paragraph 26 of the petition as being conclusions and setting out hearsay facts with which the defendant corporation would not be chargeable.

· *Judgment reversed on main bill of exceptions, and affirmed on cross-bill of exceptions. All the Justices concur.*