DEAS *et al.* v. JACKSON *et al.*

No. 16210.   MAY 14, 1948.   REHEARING DENIED JULY 16, 28, 1948.

*James T. Dampier* and *Edward Parrish,* for plaintiffs.

*Franklin, Eberhardt & Barham,* and *S. B. McCall,* for defendants.

WYATT, Justice. ■ That a judgment of a court of ordinary appointing an administrator, obtained by the practice of fraud such as is alleged in the plaintiffs' petition, may be attacked in

the manner sought to be done in the present case, is conceded by all parties concerned. It is argued, however, that since the appointment of the administrator, and the deeds executed by him, under the allegations of the petition, are void, the title to the property is and has been at all times vested in the heirs at law; and, therefore, the plaintiffs can not recover the value of the property, their only remedy being a suit to recover the property. Our attention has been called to no authority in this State supporting this position. We think it is a well-settled rule that a person who has been defrauded out of his property may sue to recover the property, or may sue the party guilty of fraud for the value of the property.

■ The principal legal question presented in this case is whether or not the plaintiffs in the court below are now precluded from maintaining the present suit by reason of the fact that they had previously elected to pursue an inconsistent remedy. The plaintiffs, prior to the institution of this suit, filed a petition for accounting in the court of ordinary. This petition for accounting was withdrawn and the present action instituted. It is argued that, since the petitioners elected to pursue the remedy of an accounting in the ordinary's court, they can not now proceed in this case to invoke the inconsistent remedy of suing the defendants for the value of the property in question. In *Board of Education of Glynn County* v. *Day*, 128 *Ga.* 156 (57 S. E. 359), the authorities on the subject of inconsistent remedies are collected and discussed. After a very able discussion of the authorities there collected and cited, the court said: "Where one is in a situation in which he may elect between two inconsistent proceedings, the choice of the position which he will take must be made before bringing suit, or in doing so. He has no right to bring either action except by selecting and determining to occupy a position consistent with that action and inconsistent with the other. If, with actual knowledge or notice of the substantial facts, he chooses the position which he will occupy, and which will authorize him to appeal to the courts for one of the remedies, and does in fact proceed in court to enforce such remedy, it would seem to be little short of trifling with judicial procedure to allow him at his mere option to change his mind, dismiss his suit, repudiate the position which he has thus solemnly taken, assume

another directly inconsistent with it, and ask the courts to enforce a remedy based on his new election. If he may change his mind once after having assumed and thus declared his position and based his suit upon it, why may he not do so again? And where is the limitation upon decision and redecision, selection and reselection, and vacillation between inconsistent positions and remedies, as it may appear to the litigant from time to time that his chances are better in one direction or the other? Can he be allowed to swim hither and thither in a sea of legal uncertainty until he has been transfixed by the harpoon of a final judgment?" The question presented in the instant case is whether or not the plaintiffs, when they filed their proceeding in the ordinary's court for an accounting, acted "with actual knowledge or notice of the substantial facts."

In D. E. Jackson's application for appointment as administrator, it was stated that he was next of kin of the deceased. The first and only annual return of the administrator on file at the time of the filing of the proceeding in the ordinary's court showed the price for which the administrator had sold the property here involved. These facts were, of course, known to the plaintiffs when they filed their petition for accounting. However, the petition alleges additional facts to the effect that the administrator, after the institution of the accounting proceeding, filed a final return in which he contended that he was a creditor of the deceased and for that reason was entitled to be appointed administrator, and that this contention had not previously been made; that "the sale of said property was held at a time not usual for holding such sales, and the only people present at said sale were William Fambro and the attorney for D. E. Jackson." The petition further alleged: "while William Fambro and D. E. Jackson are not partners in any particular or special business or enterprise, that they are partners in a general way in practically all of their business transactions, and that the needless and fraudulent appointing of D. E. Jackson as administrator on the estate of J. M. Deas, the needless and fraudulent sale of said property to William Fambro, and the collusive execution by William Fambro of a deed to a one-half interest in said property to K. D. Jackson, the son of D. E. Jackson, and the collusive execution by K. D. Jackson of a deed to that interest in said property to

D. E. Jackson, constituted a collusive and fraudulent scheme on the part of D. E. Jackson, William Fambro, and K. D. Jackson to defraud plaintiffs, who were then minors, of their rightful inheritance in the estate of their deceased father, J. M. Deas." The petition alleges that none of these acts of alleged fraud were known to the plaintiffs when they filed their petition for accounting; and that, upon discovery of these facts, they withdrew their proceeding for an accounting in the court of ordinary and elected to proceed with the present suit.

Conceding the allegations of the petition to be true, as must be done upon consideration of a demurrer, we do not think it can be said that, at the time of filing the petition in the court of ordinary, the plaintiffs acted "with actual knowledge or notice of the substantial facts." They, therefore, had the right to dismiss that proceeding, upon discovery of the facts, and to pursue the present remedy.

■ The contention is made that the judgment sustaining the general demurrer was correct for the reason that the plaintiffs are barred by laches. It appears from the allegations of the petition that suit was promptly instituted upon discovery of the alleged fraud. No rights of third parties are here involved, and there has been no obscuration of evidence, or other circumstances, sufficient to invoke the doctrine of laches. Under the facts alleged, the plaintiffs were not barred by laches.

Other grounds of demurrer were met by amendment.

It follows from what has been said that the judgment sustaining the demurrers was erroneous.

*Judgment reversed. All the Justices concur.*

On Motion For Rehearing

Counsel for the defendants in error, in their motion for a rehearing, complain of the ruling made in the first division of the opinion. Counsel contend that damages are not recoverable from an administrator who has fraudulently conspired with others to sell and buy land belonging to an estate; and that the only remedy available to the aggrieved heirs is an action for the recovery of the land. Although citing no authority holding to the contrary of the ruling made in division one of the opinion, counsel in their motion for rehearing state: "Since receiving a copy of the opinion in this case, we have spent several days in examining

the statute law of this State, the various digests of the decisions of this State, Corpus Juris, Corpus Juris Secundum, Ruling Case Law, American Jurisprudence, American Law Reports, and other digests in our library, and such examination has been in vain in our efforts to find a single authority, whether it be statute, decision, textbook or what have you, that would sustain the ruling of this court in the first headnote of the opinion, as applied to actions for land. We have, therefore, come to the final conclusion that we may say, without fear of successful authoritative contradiction, that there is no authority that can be cited to sustain the first division of this opinion as applied to the facts of this case."

We might cite considerable authority for the ruling made by this court. Suffice it to say, however, if counsel for the defendants in error will reread the authorities referred to in their motion for rehearing, they will find the law succinctly stated in 34 C. J. S. 637, § 665, where it is said: "An executor or administrator who directly or indirectly purchases the property at a sale under order of the court may be held liable for damages resulting therefrom. The representative may be charged with the full value of the land at the time of the sale, or perhaps at the time of the suit, unless the heirs or devisees recover the land itself, as they are entitled to do in case they elect to have the sale set aside, see supra § 599. If he has resold he is chargeable with all the profits realized on the resale." For a similar statement of the law, with citation of many cases, including several Georgia cases, see 24 C. J., 709, § 1740. See generally *Bell* v. *Bell*, 20 *Ga.* 250; *McWilliams* v. *Lehman*, 143 *Ga.* 139 (84 S. E. 557).

*Motion denied. All the Justices concur, except Bell, J., absent on account of illness.*