PARTAIN *et al* v. KING.

DUCKWORTH, Chief Justice. 1. The testimony of a party in his own behalf ·when contradictory will be construed most strongly against him, and he is not entitled to a finding in his favor if that version of the testimony most unfavorable to him shows that the verdict should be against him. *Davis* v. *Akridge*, 199 *Ga.* 867 (2) (36 S. E. 2d, 102).

2. The tenant is not allowed to dispute his landlord's title without first surrendering possession. Code, § 61-107. Where the testimony of the defendant in an action for land shows that he is the tenant of the plaintiff, and it is admitted without objection, such evidence demands a verdict in favor of the landlord. This rule is not altered by the fact that there was no plea of estoppel filed by the landlord and the relationship of landlord and tenant does not otherwise appear in the petition. *Smith* v. *Aldridge*, 192 *Ga.* 376 (15 S. E. 2d, 430); *Barnett* v. *Lewis*, 194 *Ga.* 203 (20 S. E. 2d, 912); *Hughes* v. *Purcell*, 198 *Ga.* 666 (3) (32 S. E. 2d, 392); *Consolidated Realty Investments* v. *Gasque*, 203 *Ga.* 790 (48 S. E. 2d, 510).

3. On application of the foregoing rules of law to the facts in the present case, which is a suit by King against a number of defendants, including the defendant Brooks, for the recovery of a described tract of land, Brooks, as a witness for the defendants, testified that he signed, without reading although he was able to read, a document by the terms of which the premises in question were leased to the witness by the plaintiff. This lease was introduced in evidence. It further appears from the uncontradicted evidence that Brooks had never surrendered possession to King, but had, subsequently to the date of the lease, rented the same to his codefendants. A verdict in favor of the plaintiff was demanded, although the witness Brooks testified elsewhere that the lease contract was not filled out to cover the land in dispute when he signed it.

*Judgment affirmed. All the Justices concur.*

No. 16922. FEBRUARY 16, 1950.

*Arthur F. Copland, Paul Blanchard,* and *William B. Steis,* for plaintiffs in error.

*Hubert Calhoun, J. Madden Hatcher, Hatcher & Hatcher,* contra.