GEORGIA POWER COMPANY *v.* OWEN.

CANDLER, Justice. The Georgia Power Company filed an equitable petition against S. R. Owen in Wilkinson Superior Court. In substance, these allegations were made: Georgia Power Company had previously filed a proceeding to condemn a right-of-way over Owen's land for electrical transmission and other purposes. Assessors were selected in the manner provided by law. Prior to the assessors' hearing, Owen

was heard to say that there was no kaolin or other mineral deposits in the ground under or adjacent to the right-of-way sought to be condemned on his land. However, at the assessors' hearing later held, Owen exhibited certain kaolin samples which he contended had come from the ground under said right-of-way, which were obtained by drilling and prospecting done at his instance. Two of the assessors made an award in favor of Owen for $20,000, but the assessor named by Georgia Power Company refused to sign it. Said award was appealed by each of the parties and is now pending for trial before a jury. The award was grossly excessive, out of reason, and was based on the premise that the land contained valuable kaolin deposits, according to samples exhibited by Owen. The prospector, who drilled said land for Owen, had stated that his drilling and prospecting did not disclose any kaolin whatever. Kaolin is a valuable mineral substance, and its existence in the land makes the value of it considerably greater. The area of the right-of-way involved contains approximately thirteen acres of Owen's land. Without any kaolin in it, its fair market value is from $15 to $25 per acre, but, with kaolin, considerably more. Subsequently to the award of the assessors, Georgia Power Company, at its expense, employed a prospector, driller and expert consulting engineer, specializing in industrial minerals such as kaolin, to prospect and drill the land involved, and no kaolin deposits were found. At the drilling, three reputable citizens of Wilkinson County were present, two of whom have vast experience in kaolin, and they witnessed the fact that no kaolin, or evidence of kaolin, was found. Georgia Power Company alleges that there is no kaolin on Owen's land beneath said right-of-way, or immediately adjacent thereto, and that the samples of kaolin which Owen claims came therefrom did not in fact do so, but came from other lands or places unknown to the petitioner. Georgia Power Company called upon and requested Owen to point out the place on his land from which he contends said kaolin samples were found and removed, but he refused to do so. The company advised Owen that the object of the request was, at its expense, to drill and prospect the identical location and spot where he claims kaolin was found, giving him or any one representing him the privilege of being present to witness the result of such an operation. Georgia Power Company alleges that the reason Owen refused said request is because he knows that there is no kaolin in said land, that the samples exhibited by him did not come from it, and that the prospecting which the petitioner desires to do on the land will reveal that fact. The act of Owen, in testifying to the assessors' that there is kaolin in his land under the right-of-way and exhibiting samples of kaolin as coming from it, was a fraud upon the assessors, the plaintiff, and justice, and if permitted to do so he will practice a like fraud upon the jury when the appealed award is tried. Georgia Power Company is able and willing to bear all of the expense incident to necessary drilling and prospecting on said land to prevent such a fraud, if Owen will voluntarily point out the place or places on his land which he contends the kaolin samples came from, or is compelled to do so by the court. If Owen is permitted to pursue his position, it will be a continuing fraud

upon the petitioner, the court, and the jury, causing the petitioner irreparable loss and damage, and Owen should therefore be enjoined from refusing to point out to the petitioner the place or places on his land where he claims there is kaolin and where the samples of kaolin exhibited by him came from, if in fact they came from his property. The prayers were: for the appointment of a special examiner by the court; that Owen be required to point out to him the place or places on his land where he contends kaolin may be found, and the place or places on his land where he contends the exhibited samples of kaolin came from; that the court order its appointee, at the expense of the petitioner, to have the place or places so pointed out drilled and prospected, and report all findings to the court within thirty days; and that Owen be restrained and enjoined from refusing to point out the aforesaid places. Georgia Power Company amended its petition and further alleged: This proceeding is ancillary to the appeal from the assessors' award; that the information and facts sought are necessary, beneficial, and material to the petitioner for the trial of its appeal, and are peculiarly within the knowledge of the defendant, and unknown to the petitioner; that the petitioner is unable to ascertain or prove such facts and information, without resort to the conscience of the defendant; and that the petitioner has no adequate and complete remedy at law. The additional prayers were: for discovery of the kaolin location on the land in question and a disclosure of the name or names, address or addresses, of the person or persons who witnessed the taking of the previously exhibited samples of kaolin from the premises involved; and that the defendant Owen be restrained and enjoined from testifying before the jury on the trial of the appeal to the effect that any kaolin samples came from the land in question. The defendant demurred to the petition, as amended, on these grounds: 1. It fails to state a cause of action. 2. An adequate and complete remedy at law is available. 3. There is no equity in the bill. The court sustained the demurrers and dismissed the petition. The exception is to that judgment. *Held*:

"The superior court in equitable proceedings may compel either party to discover facts within his knowledge, beneficial to the other party and material to his case; and this either upon a petition for discovery and relief, or for discovery alone, ancillary to some other civil proceedings. The party seeking relief may waive discovery, and in such case the defendant's answer is not evidence." Code, § 38-1101. Where a bill is filed for relief and discovery, in aid of a suit at law, the complainant must aver his inability to prove the facts upon which he relies without resort to the conscience of the defendant; or show some other ground of equitable interference with common-law jurisdiction. *Merchants' Bank of Macon* v. *Davis, 3 Ga.* 112 (4). Notwithstanding a prayer for "discovery," if the petition does not allege a cause showing the inadequacy of the plaintiff's remedy at law, no jurisdiction is given in equity. *Arthur Tufts Co.* v. *De Jarnette Supply Co., 158 Ga.* 85 (4) (123 S. E. 16). See also French *v.* Stange Mining Co., 133 Va. 602 (114 S. E. 121). "Equity will not enjoin the prosecution of an action at law because of certain matters which, if defensive to the right

asserted in the action at law, are as much available as a defense in that action as in the equitable action." *Reynolds Banking Co.* v. *Southern Pacific Guano Co., 140 Ga.* 498 (2) (79 S. E. 132). So also, for equity to take jurisdiction on the ground of discovery, it must appear that the discovery is necessary, not merely that it is desirable or may be useful or that the complainant can more satisfactorily prove his case with than without it. *Nussbaum & Dannenberg* v. *Heilbron, 63 Ga.* 313 (2). It is true that the plaintiff alleges that the facts and information sought are "necessary, beneficial, and material to petitioner in said appeal, and are peculiarly within the knowledge of the defendant." However, when the allegations of the whole petition as amended are analyzed, it appears that the condemnor has a right of entry over the whole of the acreage involved. So, having the right of possession or being in possession, as can be inferred from the plaintiff's allegation that it has had the land drilled and prospected in the presence of witnesses, it can not only ascertain whether any kaolin lies underground, but it can also determine the location or absence of holes that may or may not have been drilled by the defendant or any one for him. By affirmative allegations the plaintiff asserts that there is no kaolin in the land, and that fact, if such be true, can be established by witnesses allegedly available to the petitioner. Likewise, by a witness or witnesses the plaintiff is at liberty to prove that the defendant has been heard to say that no kaolin exists in the ground upon which the right-of-way lies, if, as the plaintiff alleges, such a statement was, in fact, made. In addition, the plaintiff has the right of calling the opposite party for the purpose of cross-examination by deposition before the trial or in person at the trial. Under our system of jurisprudence, it is the exclusive province of the jury to determine the credibility of witnesses and pass upon all issues of fact. *Smith* v. *Aldridge, 192 Ga.* 376 (2) (15 S. E. 2d, 430); *Williams* v. *Barnes, 181 Ga.* 514 (2) (182 S. E. 897). What is sought to be done by the petitioner in this case, if allowed, would take away from the jury, and in advance of the trial, the right to pass upon issues of fact between the parties, a right so peculiarly the jury's province. Even though perjury is alleged to have been committed already on the hearing before the assessors, and its further commission is anticipated on the trial, nevertheless, such allegations afford no sufficient reason to by-pass the jury. Perjury is never presumed. Code, § 38-121. In view of the foregoing, it was not error, as contended, to sustain the general demurrers and dismiss the petition.

*Judgment affirmed. All the Justices concur.*

No. 17163. JULY 12, 1950.

*Miller, Miller & Miller,* for plaintiff.
*Frank O. Evans* and *Victor Davidson,* for defendant.