TOOMBS et al. v. HILLIARD et al.; et vice versa.

HAWKINS, Justice. 1. A judgment of the court of ordinary, granting permanent letters of administration to one who is not entitled to the administration, may be set aside in a direct proceeding in equity, instituted by heirs at law of the intestate, on the ground that the applicant falsely and fraudulently represented in his application that the facts were such as to entitle him to appointment. *Bowers* v. *Dolen,* 187 *Ga.* 653 (1 S. E. 2d, 734); *Fulmer* v. *Wilkins,* 201 *Ga.* 322, 330 (39 S. E. 2d, 405); *Deas* v. *Jackson,* 204 *Ga.* 134 (48 S. E. 2d, 878); *Jue* v. *Joe,* 207 *Ga.* 119 (60 S. E. 2d, 442); *Henderson* v. *Hale,* 209 *Ga.* 307, 311 (71 S. E. 2d, 622).

2. The sale by an administrator of land which is in the adverse possession of the heirs at law of the intestate at the time of the sale, and a con-

veyance by deed in pursuance of such sale, are void and convey no title. Code, § 113-1714; *Porter* v. *LaGrange Banking & Trust Co.*, 187 *Ga.* 528 (1 S. E. 2d, 441), and cases there cited.

3. Since, under both divine and secular laws, husband and wife are one, the same principle which renders an agent to sell land incompetent to purchase from himself, renders him incompetent to sell it to his wife. *Reed* v. *Aubrey*, 91 *Ga.* 435 (3) (17 S. E. 1022). Thus a purchase by a wife at a sale had by her husband as administrator is voidable at the election of the heirs of the intestate who timely move to set the same aside. *Lowery* v. *Idleson*, 117 *Ga.* 778 (2) (45 S. E. 51); *Edwards* v. *Collins*, 207 *Ga.* 204 (60 S. E. 2d, 337).

4. Applying the foregoing principles to the allegations of the petition in this case, brought by heirs at law of an intestate seeking an accounting from one of the defendants who was appointed administrator of the estate of the intestate, and to set aside his appointment as such administrator upon the ground that it was procured by the false and fraudulent representation that he was entitled to the appointment as next of kin of the decedent, when in fact he was not next of kin, and to set aside a sale of the property of the estate made by him as such administrator to his wife, the other defendant, for an alleged grossly inadequate consideration, the petition stated a cause of action, and the trial judge did not err in overruling the general demurrer thereto, as complained of in the cross-bill of exceptions.

5. Nor did the trial judge err in overruling the demurrer to the petition based upon the grounds that the plaintiffs' cause of action was barred by the statute of limitations and by laches.

(*a*) While ordinarily a suit to enforce an implied trust and a suit by heirs against an administrator to set aside a sale by the administrator should be brought within seven years from the time the cause of action accrued (*Stonecypher* v. *Coleman*, 161 *Ga.* 403, 131 S. E. 75; *Eller* v. *Mc-Millan*, 174 *Ga.* 729, 733, 163 S. E. 910; *Griffin* v. *Stephens*, 119 *Ga.* 138 (2), 46 S. E. 66; *Harrison* v. *Holsenbeck*, 208 *Ga.* 410, 67 S. E. 2d, 311), the petition in this case contained allegations, which on demurrer must be taken as true, that from the time of the death of the plaintiffs' intestate, they, as heirs at law, had been, and were at the time of the bringing of the petition, in the actual, open, and notorious possession of the real estate, living upon and cultivating the same under claim of ownership, and neither laches nor the statute of limitations will run against one in peaceable possession of property under a claim of ownership for delay in resorting to a court of equity to establish his rights. *Pavlovski* v. *Klassing*, 134 *Ga.* 704 (3) (68 S. E. 511); *Pierce* v. *Middle Georgia Land & Lumber Co.*, 131 *Ga.* 99 (61 S. E. 1114); *Copelan* v.. *Monfort*, 153 *Ga.* 558 (4) (113 S. E. 514); *Cowart* v. *Green*, 194 *Ga.* 62 (20 S. E. 2d, 577); *Shirley* v. *Shirley*, 209 *Ga.* 366 (72 S. E. 2d, 719).

(*b*) While any person interested as a distributee may, after expiration of one year from the grant of administration, cite the administrator to appear before the ordinary for a settlement of his accounts (Code, § 113-2201), and all actions against administrators, except on their bonds, shall be brought within ten years after the right of action shall have accrued (Code, § 3-709), and the mere wrongful retention by an

administrator of funds due to an heir, after the estate is ripe for distribution and the fund ought to be paid over, does not stand on the basis of a continuing executory trust (*Thornton* v. *Jackson,* 129 *Ga.* 700, 59 S. E. 905), yet where, as in this case, the petition alleges that, each year from the death of the intestate in 1922, down to and including the year 1951, the heirs at law paid over to the defendants large sums of money to be applied by them to the discharge of indebtedness claimed by them to be owing by the estate of the intestate, and for which they had never accounted, these allegations were sufficient to show such a continuing executory trust as that the bar of the statute of limitations would not run against it until its repudiation by the defendants in 1951, when it is alleged they first asserted their adverse claim to the title to the property of the estate, repudiated the trust, and denied any liability to account for the sums alleged to have been previously entrusted to them for the payment of debts of the estate. *Morris* v. *Johnstone,* 172 *Ga.* 598 (158 S. E. 308).

6. The main bill of exceptions assigns error upon the judgment refusing to grant an interlocutory injunction, restraining the defendants from disposing of the real estate described in the petition, and from exercising any control or possession of the premises, or interfering in any manner with the petitioners or any other tenants thereof. *Held:*

(*a*) While we have held that the petition stated a cause of action, and was not subject to the demurrer interposed by the defendants, there were introduced in evidence on the interlocutory hearing receipts for rent of the premises in dispute issued by the defendants to the plaintiffs or those under whom they claim, rent notes executed to the defendants by the plaintiffs or those under whom they claim, and other evidence from which the trial judge was authorized to find that the plaintiffs and those under whom they claim, if they were ever in adverse possession of the property under a claim of ownership, by reason of the execution of rent notes and payment of rent as such became the tenants of the defendants, and that the possession of the plaintiffs and those under whom they claim was that of tenants of the defendants. This being true, the trial judge was authorized to deny the injunctive relief sought, since a suit to cancel a deed conveying premises to the landlord is an attack upon the title of the landlord within the meaning of Code § 61-107, and a tenant, one holding under a tenant, and heirs of a tenant cannot while in possession dispute the title of the landlord, although the tenant was in possession claiming title to premises at the time the rental contract was made. *Barnett* v. *Lewis,* 194 *Ga.* 203 (20 S. E. 2d, 912); *Hughes* v. *Purcell,* 198 *Ga.* 666 (3) (32 S. E. 2d, 392); *Consolidated Realty Investments Inc.* v. *Gasque,* 203 *Ga.* 790 (2) (48 S. E. 2d, 510); *Partain* v. *King,* 206 *Ga.* 530 (57 S. E. 2d, 617).

(*b*) The deed executed by one of the heirs at law, which conveyed her undivided interest in the premises in dispute to one of the defendants, and which the plaintiffs now seek to have construed to be in trust for their benefit, was executed in 1925. The deed which the plaintiffs seek to set aside from the defendant administrator to his wife was executed in 1934. While there was evidence from the plaintiffs to the contrary, there was also evidence from which the trial judge was authorized to

find that more than seven years had elapsed since the discovery by the plaintiffs and those under whom they claim of the alleged fraudulent deeds from one of the heirs, and from the defendant administrator to his wife; and more than ten years had elapsed since the repudiation of a trust and the refusal by the defendants to account for the funds alleged to have been entrusted to them by the plaintiffs for payment of the debts of the estate of the intestate, and the assertion by the defendants of the claim that such payments were made by the plaintiffs to them for rent on the premises, during which time Spurgeon Richardson, the heir who had handled all transactions with the defendants up to that time, had died in 1950, thus rendering the ascertainment of the truth difficult. The trial judge was authorized to find that the plaintiffs were barred both by the statutes of limitations and by laches, and to deny the injunctive relief sought. *Citizens & Southern National Bank* v. *Ellis*, 171 *Ga.* 717 (156 S. E. 603); *Morris* v. *Johnstone*, 172 *Ga.* 598, supra; *Larkins* v. *Boyd*, 205 *Ga.* 69 (52 S. E. 2d, 307); *Cannon* v. *Fulton National Bank*, 206 *Ga.* 609 (57 S. E. 2d, 917).

*Judgment affirmed on both the main and cross-bills of exceptions. All the Justices concur, except Atkinson, P. J., not participating.*

Nos. 18146, 18147. ARGUED MARCH 9, 1953—DECIDED APRIL 13, 1953— REHEARING DENIED MAY 13, 1953.

*Smith & Gardner*, for plaintiffs in error.
*Robert Culpepper Jr.*, contra.

