22428. TRIPP v. CONNER et al.

DUCKWORTH, Chief Justice. This being an action to set aside the verdict and judgment in an equitable case because the petitioner had had a good defense but was prevented from making it because of the alleged fraudulent acts of the defendants and their attorney, unmixed with the negligence or fraud of the petitioner, and the court having granted a motion for judgment notwithstanding the verdict in accordance with a motion for directed verdict after verdict and judgment for the petitioner, the court did not err in granting such motion since the evidence failed utterly to show any fraudulent acts of the defendants or their attorney in preventing the petitioner from filing any defensive pleadings. The testimony of the petitioner was that he did not contend that they fraudulently misled him or intended to prevent him from filing his defense but the opposing attorney negligently failed to call him and arrange a settlement conference. See *Partain v. King,* 206 Ga. 530 (57 SE2d 617). The opposing attorney owed him no legal duty to call him or to advise him in regard to his case, nor did he advise him that the case would be delayed pending a possible settlement. "I am sure it can be settled" is what the petitioner testified the attorney told him, which is quite different from an assurance that the case had been settled. *Dew v. Hamilton,* 23 Ga. 414. Hence all reasonable deductions and inferences from the evidence are that the petitioner suffered the judgment against him because of his own fault and not because of any fraudulent acts of the opposing parties or their attorney, or

misplaced confidence in the attorney on whom he had a right to rely, since no agreement to settle was reached. *Code* §§ 37-201, 37-202, 37-219, 37-702; *Hogg v. Hogg*, 206 Ga. 691 (58 SE2d 403).

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 13, 1964—DECIDED MAY 7, 1964.

*Hal M. Smith,* for plaintiff in error.
*Albert D. Mullis, Ross & Finch, Claude R. Ross, Baxter H. Finch,* contra.