## 51153. BARNUM v. THE STATE.

EVANS, Judge.

There is no merit in any one of the grounds of motion for rehearing. We do not propose to discuss each of them here, but one of the grounds is so preposterous that we will set it forth.

State's counsel in effect argued to the jury that it is presumed that a wife will lie for her husband on the witness stand, and prompt objection and motion for mistrial were made by defendant and were by the trial court overruled.

The exact language of state's counsel (T. 190) is as follows: "She is his wife and wives endeared to their husbands are prone to do these things. The State does not condemn her, *that she lied for him.* The law does not condone it and the law does not encourage it, *but universally it is recognized that a wife will tell a lie for her husband* under these circumstances like this *and it would be an unusual wife who did not.*" (Emphasis supplied.) This statement was highly improper, inflammatory, and the court should have reprimanded counsel immediately, or should have declared a mistrial. *It is not universally recognized that a wife will tell a lie for her husband,* and it is not true nor in accordance with law that *it would be an unusual wife who did not (lie for her husband).* "Perjury is never presumed." See *Ga. Power Co. v. Owen,* 207 Ga. 178 (60 SE2d 436), at bottom of page 181; see also, *Parsons v. State,* 32 Ga. App. 504 (1) (123 SE 922).

This statement was in very poor taste and constituted a smear on every woman who lives in the holy state of wedlock. This error alone was enough to warrant a reversal and a new trial.

The other errors pointed out in our original decision

still stand as errors, but we do not feel it necessary to discuss them here.

*Rehearing denied. Stolz, J., concurs fully. Deen, P. J., concurs in the denial only of the motion for rehearing.*