## WHITLEY GROCERY COMPANY *et al. v.* JONES *et al.*

1. To a motion to set aside a judgment of the court of ordinary, authorizing a sale of land by an administrator, such administrator is a necessary party.
2. If letters of dismission have been granted to the administrator, the judgment discharging him must be reopened before the motion to set aside the judgment authorizing the sale by him can be entertained.
3. Although the purchasers at the sale and those holding under them, and also the person who had formerly been the administrator, but to whom letters of dismission had been granted, were made parties to a motion to set aside the judgment authorizing a sale by him, this would not obviate the effect of the grant of the letters of dismission or the absence of the administrator, as such, on whose application the judgment was rendered.

Argued May 24,—Decided August 8, 1907.

Appeal. Before Judge Littlejohn. Sumter superior court. May 29, 1906.

Josephine Jones and her children filed a petition in the court of ordinary of Sumter County, to set aside an order granting leave to C. R. Whitley, administrator of Henry Jones deceased, to sell certain land, alleging as follows: Henry Jones, the husband of Josephine Jones, died in Sumter County on November 21, 1897, leaving certain described real estate. C. R. Whitley was appointed administrator on his estate, and applied for leave to sell the land. At the February term, 1898, of the court of ordinary an order was passed granting such leave. He sold the property to the Whitley Grocery Company, and it afterward deeded a part thereof to the Standard Grocery Company. The order is null and void, because no notice of it was ever published in the public gazette in which the county advertising was published, as the law requires, and neither of the petitioners had any notice of the application or knew anything of it until after the deeds were made. It was prayed that the order be declared null and void and set aside, and that the petitioners have such other and further relief as the premises may warrant and demand, and also that a rule nisi be issued directing Whitley, the Whitley Grocery Company, and the Standard Grocery Company to show cause at the next term why the relief prayed should not be granted. By amendment it was alleged that Whitley had applied for, and had issued to him by the court of ordinary, letters of dismission as administrator of the estate of Henry Jones, and that at the time of filing the original petition and since there had been no administration on the estate. Each of the defendants demurred to the petition. The case was carried by appeal to the superior court. The demurrers were overruled, and a verdict directed for the movants. The defendants excepted.

*W. P. Wallis* and *Allen Fort & Son,* for plaintiffs in error.

*J. A. Hixon* and *Shipp & Sheppard,* contra.

LUMPKIN, J. (After stating the facts.) This is not a proceeding in equity, but a proceeding to set aside an order authorizing the sale of real estate by an administrator, in the court of ordinary where such order was granted. The question involved is not, therefore, to be tested by the power of a court of equity, but by the power of a court of ordinary. The demurrers contained several grounds, but it is only necessary to deal with one of them which controls

the case. Each of the defendants demurred to the proceeding, on the ground that neither C. R. Whitley as administrator of the estate of Henry Jones, nor any other administrator of the deceased, was made a.party or served. The order granting the administrator authority to sell was a judgment of a court of general jurisdiction. The present application is an effort to set aside that judgment, without having before the. court as a party the administrator on whose petition and in whose favor it was granted. It is an attempt by motion to set aside a judgment without having before the court the party on whose petition it was rendered. C. R. Whitley individually is not the same as C. R. Whitley as administrator of the estate of Henry Jones. It is urged that the administrator has since been granted letters of dismission by the court of ordinary, and therefore can not be made a party to this petition. In that lies the insuperable difficulty to entertaining the proceeding at all. The administrator is a necessary party. If he has been granted letters of dismission, he can not be made a party unless the grant is reopened and he is reinstated in office. It is sought to avoid the necessity for making him a party, by making parties of those who hold under the sale; but they alone were not interested. If the order is set aside, the sale and disposition of the proceeds might be a devastavit, and the securities on the bond of the administrator would be interested. Under certain circumstances it has been held that an equitable proceeding to set aside an executor's deed could be maintained without the presence of the executor, who had died. *Hodges* v. *Wheeler,* 126 *Ga.* 848. But this is different from setting aside a judgment without the presence of the party in whose favor it was rendered, or any person representing him. See *Broach* v. *Walker,* 2 *Ga.* 428; *Carter* v. *Anderson,* 4 *Ga.* 516; *Groce* v. *Field,* 13 *Ga.* 24; *Whitaker* v. *Smith,* 33 *Ga.* 237; *Bell* v. *Hanks,* 55 *Ga.* 274; *McArthur* v. *Matthewson,* 67 *Ga.* 134. The demurrer should have been sustained and the petition dismissed.

*Judgment reversed. All the Justices concur.*