BURKE *v.* GRUBBS.

No. 15232.   September 7, 1945.

*Clifford R. Wheeless* and *O. C. Hancock,* for plaintiff.
*Howard, Camp & Tiller,* for defendant.

ATKINSON, Justice. (After stating the foregoing facts.) 1. The plaintiff through his counsel filed an application in the trial court, praying for a stay of the proceeding under the provisions of the soldiers' and sailors' civil relief act of 1940 (50 U. S. C. A., § 521, cumulative annual part), as follows: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

Under the above act, a person in military service is entitled as a matter of law to a stay of any proceeding by or against him in a case to which the statute is applicable, upon his bare application

showing that he is in the military service, unless it appears that his ability to prosecute or defend the proceeding is not materially impaired by reason of his military service. *Gates* v. *Gates,* 197 *Ga.* 11 (2) (28 S. E. 2d, 108); *Lankford* v. *Milhollin,* 197 *Ga.* 227 (2) (28 S. E. 2d, 752).

The issue before the court at the time the application to stay the proceeding was made was only as to the sufficiency of the petition against a general demurrer of the defendant. A ruling adverse to the plaintiff would operate as res judicata and bar a subsequent suit for annulment between the same parties based on the same cause of action (*DeLouch* v. *Georgia Coast & Piedmont R. Co.,* 144 *Ga.* 678, 87 S. E. 889, *Hughes* v. *Henderson,* 61 *Ga. App.* 743 (2) 7 S. E. 2d, 317), but would not estop the plaintiff under such doctrine from subsequently instituting an action for divorce, for the reason that such a suit would be based on a different cause of action. If, therefore, the plaintiff is unable to prosecute the suit for annulment of the marriage, his inability to do so would exist in civilian life no less than in military service; and, since as shown in the second headnote of this opinion, an annulment of a marriage may not be had on any ground which is a ground of divorce, as in this case, the refusal of the court to stay the proceeding was not an abuse of discretion. *Boone* v. Lightner, 319 U. S. 561 (63 Sup. Ct. 1223, 87 L. ed. 1587).

■ The ruling announced in the second headnote does not require elaboration.

*Judgment affirmed. All the Justices concur.*