PRITCHETT *v.* ELLIS.

810

No. 15719.   FEBRUARY 5, 1947.

*M. H. Blackshear* and *W. A. Dampier,* for plaintiff in error.
*E. L. Stephens* and *R. I. Stephens,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) The exceptions pendente lite recite that the defendant renewed her demurrers, both general and special, to the petition as amended, whereas the transcript of the record as brought to this court does not contain such a renewal of the demurrers. See, in this connection, *Johnson* v. *Sherrer,* 197 *Ga.* 392, 398 (4) (29 S. E. 2d, 581) ; *Silverman* v. *Alday,* 200 *Ga.* 711 (38 S. E. 2d, 419). However, the amendment to the present petition merely elaborated allegations contained in the original petition by setting forth in greater detail circumstances under which the defendant was alleged to have obtained an allowance from the United States Government; and the original petition contained prayers substantially the same as those set forth in the amendment. Consequently the petition was not amended in material respects so as to bring the case within the principle, "A demurrer to an original petition does not, without more, cover the petition after it has been amended in material respects; but in such case the demurrer should be renewed if it is still relied on." *Livingston* v. *Barnett,* 193 *Ga.* 640 (19 S. E. 2d, 385) ; *Hughes* v. *Purcell,* 198 *Ga.* 666 (32 S. E. 2d, 392) ; *Peoples Loan Co.* v. *Allen,* 199 *Ga.* 537 (34 S. E. 2d, 811).

A controlling question is whether the petition was subject to demurrer on the grounds, (1) that it failed to set out a cause of

action, and (2) that it shows on its face a collateral attack on a judicial act of the Ordinary of Johnson County without making him a party.

The following statutes are indicative of the importance that the State places upon keeping correct marriage records. "Such application [for marriage license] shall be filed in the office of the ordinary before a marriage license shall be issued, and shall remain in the permanent files in the office of the ordinary, and may be used as evidence in any court of law under the rules of evidence made and provided in similar cases." Code (Ann.), § 53-203. "When a marriage license shall be issued by the ordinary, it shall be returned to the ordinary by the officer or minister solemnizing the marriage and forwarded by the ordinary to the State Board of Health, to be permanently retained by said board." § 53-311.

Counsel do not cite a Georgia case where a party has sought to cancel a marriage license, nor has this court been able to find such case. Vanderbilt v. Mitchell, 72 N. J. Eq. 910 (67 Atl. 97, 14 L. R. A. (N. S.) 304), is a well-considered case holding that a court of equity has jurisdiction to decree cancellation of a certificate of birth containing false statements of a mother as to the paternity of a child named therein. It was pointed out, however, in that case: "The question . . is not whether the court of chancery would have power, upon a bill properly framed, to determine that the complainant was not the father of the child, so as to preclude forever a trial of that question. The issue here is narrower, and the effect of a decree canceling the birth certificate, finding that the statements of the wife to the physician that the complainant was the father of the child were false, would not forever preclude a trial of the question of paternity. The effect of the decree would be to destroy the evidential character of this . . as evidence upon such issue." The case of Vanderbilt v. Mitchell, supra, was filed by a husband against his wife, a named infant, appearing therein by guardian, and Henry Mitchell, as Medical Superintendent of the Bureau of Vital Statistics of the State of New Jersey.

Randazzo v. Roppolo (Sup.), 105 N. Y. Supp. 481, is a case where a woman went through the form of a marriage ceremony with a man who impersonated the plaintiff. This was done at the instance of the woman. The priest performing such marriage ceremony filed his certificate of a marriage between the woman and the

plaintiff with the bureau of vital statistics, and thereupon the woman obtained a transcript of such record, and caused the same to be lodged and filed with the authorities in the province of the plaintiff's birth in Italy. The purpose of the woman was to claim, at some time in the future, to be the plaintiff's wife, or his widow after his death. The plaintiff brought his action in equity, and made parties defendant the woman, Francesca Roppolo, and Thomas Darlington, as Commissioner of Health of the City of New York, who was, under the law of New York, the custodian of the records of marriages. The Supreme Court of New York held that the case was within the jurisdiction of a court of equity, and judicially determined and decreed that the plaintiff was not, as stated. in the certificate filed, married to the defendant; that, as to the plaintiff, the pretended marriage was a nullity; and that the defendant, Francesca Roppolo, be perpetually restrained and enjoined from representing herself to be the wife of the plaintiff, or from claiming any right and interest in his property and estate. The defendant, Thomas Darlington, as Commissioner of Health of the City of New York, was directed to endorse upon the certificate of marriage a reference to the above decree. See also 45 Am. Jur., 424, § 11; Aimone v. Gerardi, 108 N. J. Eq. 339 (155 Atl. 12).

An equitable suit to annul a marriage is not maintainable in this State for causes recognized by the statute as grounds for total divorce. Baxter v. Rogers, 195 Ga. 274 (24 S. E. 2d, 52); Mackey v. Mackey, 198 Ga. 707 (32 S. E. 2d, 764); Burke v. Grubbs, 199 Ga. 706 (2) (35 S. E. 2d, 268). Therefore, if the present suit is maintainable, it must be upon the theory that a court of equity has jurisdiction to cancel the marriage license and the certificate of marriage, both of which will be presumed to have been forwarded by the ordinary to the State Board of Health.

In Pope v. United States Fidelity &c. Co., 200 Ga. 69, 75 (35 S. E. 2d, 899), this court, in passing upon the right of a person to collaterally attack a record in the office of a clerk of the superior court, said: "The testimony upon which the defendants rely as raising a jury question and preventing the direction of a verdict was not offered under any special pleadings for the purpose of amending or altering the execution dockets upon proof of entries fraudulently or wrongfully made, but apparently was offered only to contradict generally the written record. Hence, as to such tes-

timony we are not required to do more than to rule, as we do here, that this parol evidence under the state of the pleadings is without probative value as against the clear and unambiguous written evidence shown by the execution dockets; and that to impeach these public records it would be first necessary to seek such relief by appropriate and timely special pleadings making a direct attack thereon, to which proceeding the clerk of the superior court, as the keeper of the records, should be made a party defendant" to the equitable proceeding.

Applying the above principles to the pleadings in the instant case, the petition, which did not make either the ordinary or the State Board of Health a party defendant, was insufficient to set forth a cause of action for cancellation of the marriage record. Since the error in overruling the general demurrer rendered further rulings nugatory, it is not now necessary to determine and no decision is made on the question of whether the petitioner prayed for relief that would, in addition to destroying the evidential character of the marriage record, have forever precluded a trial on the question of marriage.

The present case is distinguished by its facts from *Beavers* v. *Williams,* 199 *Ga.* 113 (2b) (33 S. E. 2d, 343), holding that: "While the judgment of a court of ordinary, a court of general jurisdiction, is valid and conclusive until reversed or set aside, a court of equity of one county, having acquired jurisdiction of the person of one appointed guardian of a minor in another county of this State, may under its equitable power, upon a direct attack upon such judgment on the ground of actual fraud in the procurement thereof, set aside the judgment upon proof of such alleged fraud." Nor is a different ruling required by the decision in *Gearllach* v. *Odom,* 200 *Ga.* 350 (1) (37 S. E. 2d, 184), where this court held: "A previous undissolved marriage of one of the parties to a marriage ceremony renders such party incapable of making a marriage contract. A marriage ceremony involving such a party is void. Such previous undissolved marriage is not a ground for divorce which under the law would bar an action for annulment, but is a sufficient ground to authorize a decree in equity declaring such marriage ceremony void."

*Judgment reversed. All the Justices concur.*