GUESS *v.* GUESS.

No. 15838.   JUNE 12, 1947.

*H. H. Elders,* for plaintiff.   *M. W. Eason,* for defendant.

HEAD, Justice.   (After stating the foregoing facts.)   When a marriage license is returned to the ordinary issuing it by the person performing the marriage ceremony, together with his certificate thereon as to the fact and date of such marriage, it is the duty of the ordinary to record the license and certificate in a book kept by him for this purpose.  Code, § 53-201.  After such license, with the certificate thereon, has been duly recorded, it shall be forwarded by the ordinary to the State Board of Health, to be permanently retained by that Board.  § 53-311.

In this case the jury's verdict finding that there had been no valid marriage between the parties resulted in the denial of the wife's claim for alimony.  The wife had introduced in evidence a certified copy of a marriage license with a certificate of a marriage performed by the Ordinary of Toombs County.  The Code, § 38-601, provides that proof of records may be made upon the certificate of any public officer as to the records pertaining to their respective offices.

The defendant did not attack the record in the office of the Ordinary of Toombs County, which showed a ceremonial marriage between the parties.  No evidence was offered to impeach such record.  The public record of a ceremonial marriage is conclusive evidence of such marriage, in the absence of a timely direct attack on such record, which attack must be supported by proper proof. *Pope* v. *U. S. Fidelity & Guaranty Co., 200 Ga. 69 (35 S. E. 2d, 899).*  No attack, either direct or indirect, having been made upon the record showing a ceremonial marriage between the parties, no issue was made as to the validity of such marriage.

In *Pope* v. *U. S. Fidelity & Guaranty Co.,* supra, this court held: "The testimony upon which the defendants rely as raising a jury question and preventing the direction of a verdict was not offered under any special pleadings for the purpose of amending or altering the execution dockets upon proof of entries fraudulently or wrongfully made, but apparently was offered only to contradict generally the written record.  Hence, as to such testimony we are not required to do more than to rule, as we do here, that this parol evidence under the state of the pleadings is without probative value as

against the clear and unambiguous written evidence shown by the execution dockets, and that to impeach these public records it would be first necessary to seek such relief by appropriate and timely special pleadings making a direct attack thereon, to which proceeding the clerk of the superior court, as the keeper of the records, should be made a party defendant by the defendant in execution, . . now a party to the present equitable proceeding."

It follows that the testimony relied upon by the defendant in this case was without probative value to contradict or disprove the written record of a ceremonial marriage between the parties, and there was no evidence to support the verdict finding for the defendant on the ground that there had been no marriage between the parties.

In *Pritchett* v. *Ellis,* 201 *Ga.* 809 (41 S. E. 2d, 402), it was held that a petition was insufficient to set forth a cause of action for cancellation of a marriage record which did not make the ordinary or the State Board of Health a party defendant. There being no direct attack made upon the record in the office of the Ordinary of Toombs County, showing a ceremonial marriage between the parties, and neither the Ordinary of Toombs County nor the State Board of Health being made a party in any way in this case, the record of the marriage of the plaintiff and the defendant could not be canceled or set aside in this proceeding. It was error to overrule the plaintiff's motion for new trial.

The amended ground of the motion for new trial, based on newly discovered evidence, does not require any ruling, since the evidence, if material, may be introduced upon another trial.

*Judgment reversed. All the Justices concur.*