JUE, administrator, *et al. v.* JOE, *alias* JONES.

No. 17140. July 11, 1950.

*Hammond, Kennedy & Sanders,* for plaintiffs in error.

*Pierce Brothers,* contra.

ALMAND, Justice. Laura B. Lyons Joe, alias Laura B. Lyons Jones, brought an equitable petition in Richmond Superior Court

against Sam Lee Jue and Joe Fong, to set aside an order of the court of ordinary of that county granting permanent letters of administration to Jue on the estate of J. K. Joe, and for the appointment of a receiver to take charge of all the property belonging to the estate of said Joe. The defendants filed separate general and special demurrers to the original petition and to the petition as amended. On the hearing of the application for appointment of a temporary receiver, the court entered separate orders appointing a temporary receiver, overruling the demurrers of both defendants, and denying the application of Jue to intervene in his representative capacity and be made a party defendant. The present writ of error assigns error on all of these orders.

■ We first consider the assignments of error on the overruling of the defendants' demurrers.

(a) As to the general demurrers, both defendants demurred to the petition as amended on the grounds that no cause of action is set forth, no ground shown for equitable relief, and that the petition failed to show any legal liability against the defendants.

The petition in substance alleged: The plaintiff and J. K. Joe were husband and wife, and she was the sole heir of said deceased, and Joe died intestate, leaving real and personal property of the value of $30,000. On December 19, 1949, the defendant Jue filed an application with the ordinary, alleging that he was a citizen of Richmond County and the nearest relative of the deceased, and that the deceased had died leaving an estate of the value of $10,000. On this application he was issued temporary letters of administration. On February 7, 1950, permanent letters of administration were issued on his application, in which he represented that he was a citizen of Richmond County and a creditor of the deceased. On the grant of these letters of administration, Jue tendered the defendant Fong as surety on his bond. Fong was not a qualified bondsman for an estate of $30,000, and in truth and in fact the tax returns showed that he returned property valued at only $4200. In paragraph 9 of the petition, it was alleged: "That said Sam Lee Jue had falsely and fraudulently procured himself to be appointed permanent administrator upon the estate of said deceased by imposing upon

the court of ordinary of Richmond County, Georgia, the false and fraudulent allegation that he was a citizen of Georgia, when in truth and fact he was a citizen of China, and as a result of such procuring of said temporary letters of administration, he thereafter claimed that he was a creditor of said deceased, when in truth and in fact he was neither a kinsman nor a creditor, nor a citizen of the State of Georgia." By amendment, it was alleged in paragraph 24 as follows: "That said letters of administration, both temporary and permanent, heretofore granted Sam Lee Jue by the court of ordinary of Richmond County, Georgia, were fraudulently procured and the same are void, and your petitioner was entirely ignorant of the defense which she could have made in the court of ordinary to the application of Sam Lee Jue to be appointed both temporary and permanent administrator of the estate of" the deceased "by showing that he, the said Sam Lee Jue, was not a citizen of the State of Georgia, not a creditor of the deceased, nor was he the next of kin to said deceased."

The petition alleged: that the ordinary, in issuing both temporary and permanent letters of administration, was imposed upon by the defendant Jue; that the orders of appointment had been fraudulently procured, and such letters were null and void; that both the defendants had taken possession of the estate of plaintiff's deceased husband, and had wrongfully and illegally sold the deceased's stock of goods and had withdrawn money from the bank and taken possession of the estate to the exclusion of the plaintiff, the sole heir at law; that, pursuant to an order of the court of ordinary, Jue as administrator had sold the stock of goods, and such sale was a conversion on the part of said defendant. The prayers of the petition were: that the letters of administration granted to Jue be declared null and void and be canceled, that a receiver be appointed to take charge óf Joe's estate, that title to the property belonging to said estate be decreed in the plaintiff, and for general relief.

A court of equity has the authority to set aside a judgment of a court of ordinary by reason of fraud practiced on the court. Code, § 37-219. A judgment of a court of ordinary granting letters of administration may be set aside where the applicant falsely and fraudulently represented that the decedent died in-

testate. *Neal* v. *Boykin,* 129 *Ga.* 676 (1) (59 S. E. 912). "A judgment of the court of ordinary, granting permanent letters of administration to one who is neither next of kin nor a creditor, nor otherwise entitled to administration, may be set aside in a direct proceeding in equity at the instance of a sole heir at law, on the ground that it was falsely and fraudulently represented in the application for letters of administration that the applicant was next of kin to the deceased." *Jackson* v. *Jackson,* 179 *Ga.* 696 (2) (177 S. E. 591). "The fact that citation was published would not prevent the plaintiff, as sole heir at law, who had no knowledge of the application for letters of administration, from seeking in due time to have the judgment canceled." *Bowers* v. *Dolen,* 187 *Ga.* 653 (1 S. E. 2d, 734). See also *Wallace* v. *Wallace,* 142 *Ga.* 408 (2) (83 S. E. 113); *Lefkoff* v. *Sicro,* 189 *Ga.* 554 (9) (6 S. E. 2d, 687, 133 A.L.R. 738).

In the case at bar, the plaintiff definitely alleges that the defendant Jue obtained letters of administration by fraudulently and falsely representing to the court that he was qualified and entitled to be appointed administrator of Joe's estate because he was a citizen of Richmond County, Georgia, a kinsman of the deceased, and a creditor of his estate, when as a matter of fact he was neither a citizen of the United States, nor related to the deceased, nor a creditor. If the falsity of these representations be proven, and on demurrer they must be taken as true, then the plaintiff would be entitled to have the letters set aside because they were obtained under such circumstances as would render them void. See Code, §§ 113-1202, 113-1203. We hold that the petition as against the general demurrer of the defendant Jue set forth a cause of action.

The plaintiff charges that both defendants have wrongfully and illegally taken possession of her deceased husband's estate, of which she claims to be the sole heir at law, and have sold the stock of goods and hold the proceeds of the same to the exclusion of the plaintiff; and prays that title to all of the property of the estate be decreed in her. We hold that as against the general demurrer of Fong the petition stated a cause of action against him. It was not error to overrule the general demurrer as against both defendants.

(b) On the special demurrers of the defendant Fong, grounds

5, 6, and 7 are directed to the allegations of paragraphs 13 and 15 of the petition, which in substance alleged that, the letters of administration being void, the sale of personalty had under an order of the ordinary was void, and the sale of the stock of goods by the defendant amounted to a conversion, and that the defendants have taken possession of the estate to the exclusion of the plaintiff. In these demurrers it is insisted that, since the petition affirmatively shows that the personalty was sold under an order of court, the conclusion that there has been a conversion is erroneous as a matter of law.

There is no merit in these grounds of demurrer. We have held that the petition set forth sufficient allegations, which if proven would authorize a finding that the order of the ordinary appointing Jue as administrator was void. If the appointment be void, then all acts of Jue under the order, as a purported administrator, were nullities, and both defendants would be accountable, under the allegations of the petition, as individuals, for their acts in selling or managing the estate. When the order of the ordinary appointing Jue falls because of being void ab initio, all subsequent orders of the ordinary under which the purported administrator acted would fall with it. Code, § 110-709; *Hart* v. *Manson*, 119 *Ga.* 865 (3) (47 S. E. 345); *Bowers* v. *Dolen*, 187 *Ga.* 653 (2) (supra).

Both defendants demurred specially to the petition on the grounds that there was a "misjoinder" of parties defendant, in that Jue, in his representative capacity as temporary and permanent administrator, was a necessary party to the action, and that the petition should be dismissed because he was not sued in his representative capacity. Obviously, the pleader intended to use the word "nonjoinder" instead of "misjoinder", but we have to pass on the pleadings as they are written in the record, since the two words have no relation in meaning or effect. These grounds are therefore without substance or merit.

■ The defendant Jue contends that the court erred in overruling his written motion, as temporary and permanent administrator, to be allowed to intervene and be made a party defendant in this case. The petition not only attacks the orders of the ordinary appointing Jue as temporary and permanent administrator, but also attacks the sale of the personal property which was

made by virtue of an order of the court of ordinary. The defendant in his representative capacity was a party to both orders. We think that he was not only a proper party to the proceeding to set aside these orders, but also a necessary party, and it was error for the court to deny the petition of the administrator to intervene in this case in his representative capacity. Code, § 37-1004. Compare *McArthur* v. *Matthewson,* 67 *Ga.* 134 (2) ; *Whitley Grocery Co.* v. *Jones,* 128 *Ga.* 791 (1) (58 S. E. 623) ; *Sewell* v. *Anderson,* 197 *Ga.* 623 (3b) (30 S. E. 2d, 102).

■ We now examine the record to ascertain whether the evidence was sufficient to authorize a court of equity to take the estate from the duly appointed administrator and place it in the hands of a receiver. In approaching this question, we must give heed to statutory admonitions (Code §§ 37-403 and 55-303), and also take cognizance of what this court has said in applying these Code sections. "No matter how strong the apparent equity of the complainant may be, if there is no necessity for a receivership the courts will not change the status until final decree." *Furr* v. *Jordan,* 196 *Ga.* 862, 876 (27 S. E. 2d, 861). See also *Astin* v. *Carden,* 194 *Ga.* 758 (2) (22 S. E. 2d, 481) ; *Conner* v. *Yawn,* 200 *Ga.* 500 (37 S. E. 2d, 541) ; *Hamrick* v. *Hamrick,* 206 *Ga.* 564 (58 S. E. 2d, 154).

The plaintiff predicates her right to the appointment of a receiver on the ground that the order appointing Jue as administrator was void, because he had falsely and fraudulently represented to the ordinary that he was a citizen of the United States, next of kin to the deceased, and was a creditor. On the hearing of the application for appointment of a receiver, the plaintiff introduced not one word of evidence to substantiate her allegations in this regard. The undisputed evidence on the part of the defendants was that Jue was born in San Francisco, California, and was therefore a citizen of the United States, and had lived in Augusta 34 years and was a registered voter; that Jue was a kinsman of Joe, and at the time of Joe's death he was indebted to Jue in the sum of $75. The plaintiff introduced no evidence to show that Jue had mismanaged or wasted the assets of the estate. On the contrary, the undisputed evidence was that Jue had made an inventory of the personal property of Joe, that it was valued at between $6000 and $7000, and that the stock of

merchandise was sold at public sale, under an order of the ordinary, for $6500. There was introduced in evidence a bank statement showing that Jue, as administrator, had deposited in the bank $8087.71, which included proceeds of the sale of the stock of merchandise, and that the real estate had not been sold. Nor did the plaintiff prove her allegation that the defendant Fong did not own a sufficient amount of property to qualify as surety, but there was evidence introduced by the defendants that Fong was a substantial merchant of Augusta and owned property of the value of $20,000. Even if Jue's bond had not been sufficient, this would not give a court of equity the right to appoint a receiver on this ground alone, because the plaintiff in this regard had an adequate remedy in the court of ordinary. Code, § 113-1229. The evidence on behalf of the plaintiff that she was the common-law wife of the deceased would not alone be a fact sufficient to authorize a court of equity to vacate the appointment of the administrator and appoint a receiver for the estate of Joe.

The plaintiff wholly failed to establish her case as pleaded, and the evidence before the trial judge was insufficient to authorize the removal of the duly appointed administrator and the appointment of a receiver for said estate.

*Judgment affirmed in part and reversed in part. All the Justices concur.*