RAY *et al.* v. DOOLEY *et al.*

HAWKINS, Justice. 1. "Courts of equity will not interfere with the regular course of an administration, by appointing a receiver to take the assets of the estate out of the hands of the administrator, unless the danger be imminent, and the charges in the bill be positive and specific." *Powell* v. *Quinn,* 49 *Ga.* 523; *Hamrick* v. *Hamrick,* 206 *Ga.* 564 (58 S. E. 2d, 145); *Ware* v. *Martin,* 207 *Ga.* 512 (63 S. E. 2d, 335). But where, as in this case, an equitable petition is brought by one alleging herself to be the common-law wife of the deceased, and by two others alleged to be the children of the deceased and the issue of this common-law marriage, to set aside the appointment of one as temporary and permanent administratrix of the estate of the plaintiffs' deceased hus-

band and father, to declare the appointment null and void, and to cancel the record thereof because procured by fraud practiced on the court of ordinary by fraudulent representation on the part of the applicant that she was the widow of the deceased, when in fact the marriage ceremony between the defendant and the deceased was null and void because at the time of the marriage the deceased was mentally incapable of contracting a marriage, and because at that time he had a living wife, one of the plaintiffs, and to declare the marriage null and void and to cancel the record thereof by the ordinary, who was made a party defendant to the petition, and where the petition alleges that the defendant temporary administratrix has taken possession of the real estate of the deceased and is proceeding to collect rent accruing subsequently to the death of the deceased when there were ample funds in the estate to pay all of the debts, and that no sale of the real estate is required for purposes of distribution, and that neither the temporary administratrix nor any permanent administratrix would be authorized to take possession of real estate because it descended to the plaintiffs as heirs of the deceased who were entitled to collect the rents accruing thereon, and to declare null and void, set aside, and cancel the application of the defendant for year's support because of fraud practiced upon the court of ordinary by the false and fraudulent representation of the applicant that she was the widow of the deceased, that other named defendants alleging themselves to be a brother, sisters, and children of a deceased sister of the plaintiffs' husband and father had filed in the same court an equitable petition seeking to set aside and cancel the appointment of the administratrix upon the grounds of mental incapacity of the deceased to contract marriage, and it is prayed that the plaintiffs be declared to be the heirs at law of the deceased, that the prosecution of any further proceedings in the court of ordinary by the defendants or either of them be enjoined, and that a receiver be appointed to collect the rents accruing on the real estate—such a petition states a cause of action for equitable relief, and is not subject to be dismissed on general demurrer.

(a) "An equitable petition brought against a named administrator, praying for the setting aside of a judgment of the court of ordinary appointing the defendant as administrator upon the estate of a named decedent, in which it was alleged that petitioner was the lawful wife of the decedent; that the administrator had been appointed at the instance of another woman who claimed that she was the lawful wife of the decedent, and by her false and fraudulent representations to the ordinary secured the appointment of the named administrator, when in fact she had never been the wife of the named decedent but had made the false representations and thereby practiced fraud upon the court, was not open to attack by general demurrer." *Brown* v. *Parks,* 169 *Ga.* 712 (151 S. E. 340, 71 A.L.R. 271). See also *Crawford* v. *Crawford,* 139 *Ga.* 535 (77 S. E. 826); *Jue* v. *Joe,* 207 *Ga.* 119 (60 S. E. 2d, 442); *Ray* v. *Ray,* 208 *Ga.* 733 (69 S. E. 2d, 261).

(b) "Where one owning real estate dies, the title to the real estate passes to the heirs; and it is not the duty of the administrator, as such, to collect rents accruing after the death of the intestate; and if he does

so, it is not in his capacity as administrator, and he is not liable to the heirs for the amount of the rents, as administrator, nor is the surety on his bond as administrator liable." *Hoyt* v. *Ware,* 156 *Ga.* 98 (6) (118 S. E. 734). See also Code (Ann. Supp.), § 113-901; *Zeagler* v. *Zeagler,* 190 *Ga.* 220, 223 (9 S. E. 2d, 263).

(c) "A previous undissolved marriage of one of the parties to a marriage ceremony renders such party incapable of making a marriage contract. A marriage ceremony involving such a party is void. Such previous undissolved marriage is not a ground for divorce which under the law would bar an action for annulment, but is a sufficient ground to authorize a decree in equity declaring such marriage ceremony void." *Gearllach* v. *Odom,* 200 *Ga.* 350 (37 S. E. 2d, 184). Where, as in this case, the ordinary is made a party to the proceeding to cancel such alleged illegal and void marriage record in his office, a court of equity has jurisdiction to grant the relief sought. *Beavers* v. *Williams,* 199 *Ga.* 113 (33 S. E. 2d, 343); *Pritchett* v. *Ellis,* 201 *Ga.* 809 (41 S. E. 2d, 402); *Campbell* v. *Allen,* 208 *Ga.* 274, 281 (66 S. E. 2d, 226); *Guess* v. *Guess,* 202 *Ga.* 364, 366 (43 S. E. 2d, 326).

3. The trial judge erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. All the Justices concur.*

No. 17778. ARGUED FEBRUARY 12, 1952—DECIDED MARCH 11, 1952.

*O. J. Coogler Jr.,* for plaintiffs.

*Hudson & LeCraw, J. Walter LeCraw, Hal Lindsay, Travers Hill,* and *Newell Edenfield,* for defendants.